**Georgios TSOUKALAS, Appellant**

v.

**UNITED STATES of America.**

No. 06–3451.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 19, 2007.

Filed Feb. 1, 2007.

Georgios Tsoukalas, Phillipsburg, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for United States of America.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Georgios Tsoukalas, proceeding *pro se*, appeals the District Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because the District Court lacked jurisdiction over the petition, we will summarily affirm.

While incarcerated at the Moshannon Valley Correctional Facility in Clearfield County, Pennsylvania, Tsoukalas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The District Court dismissed the petition without prejudice, holding that the proper means by which Tsoukalas could challenge his conviction was through 28 U.S.C. § 2255. Tsoukalas appealed, arguing that he filed the instant petition when the § 2255 motion he had previously filed proved "inadequate and ineffective" in challenging the constitutionality of his conviction. On appeal, Appellee has filed a motion for summary action, arguing that the District Court's dismissal should be affirmed because the District Court lacked jurisdiction over the underlying petition.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), the Supreme Court clearly held that a § 2241 petition must be filed in the district having jurisdiction over the petitioner's custodian. 542 U.S. at 442, 124 S.Ct. 2711. In the case at bar, that is the Western District of Pennsylvania. Because the District Court therefore lacked jurisdiction to hear the petition, we conclude that this appeal presents no "substantial question." *See* 3d Cir. LAR 27.4 & I.O.P. 10.6. We therefore grant Appellee's motion for summary action and will affirm the District Court's dismissal without prejudice of Tsoukalas' petition. *See Rumsfeld*, 542 U.S. at 451, 124 S.Ct. 2711.